UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CURTIS T. VICKERS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:24-cv-00920-LCB-NAD |
| FCI TALLADEGA WARDEN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report and recommendation on October 23, 2024, recommending that this petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2241, be dismissed. (Doc. 8). The magistrate judge advised the parties of their rights to file objections to the report and recommendation (*id*. at 7-8), and on November 4, 2024, the petitioner, Curtis T. Vickers, timely filed objections (Doc. 9).

Vickers asserts that he was not notified that FCI Talladega, or any other BOP facility, is a "federal enclave" and therefore his Sixth Amendment right was violated. (Doc. 9 at 1). Vickers also reiterates from his petition that his Sixth Amendment rights were violated because the trial court never informed him of what jurisdiction it had to convict him. (Doc. 1 at 6; Doc. 9 at 5). Vickers maintains that under 18 U.S. Code § 7(9), all crimes committed by or against a national of the United States

"fall under the special maritime and territorial jurisdiction of the United States." (Doc. 1 at 7; Doc. 9 at 5).

But these objections do not address the crux of the magistrate judge's report and recommendation, namely that Vickers challenges the validity of his conviction and not the execution of his sentence.  (Doc. 8 at 3-5).  Because Vickers challenges the validity of his conviction, this court lacks jurisdiction to consider his claims in a §2241 petition.  *See McCarthen v. Dir. of Goodwill Indus.-Suncoast, Inc.,* 851 F.3d 1076, 1086-87 (11th Cir. 2017); *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 993 (11th Cir. 2021) (holding that "a federal prisoner who seeks to collaterally attack his conviction or sentence must file a 28 U.S.C. § 2255 motion to vacate instead of a § 2241 habeas corpus petition.").

After a *de novo* consideration of the entire file in this action, including the report and recommendation, and Vickers' objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation.  The court finds that the petition for writ of habeas corpus is due to be **DENIED**.

A separate order will be entered.

**DONE** and **ORDERED** this November 14, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE